AO 245C (Rev. 9/11) Amended Judgment in a Criminal Case
Sheet 1
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>vs.<br>NELSON VAZQUEZ | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>CASE NUMBER: 2:10-CR-462-LRH-PAL<br>USM NUMBER: 45350-048 |

**DATE OF ORIGINAL JUDGMENT:** January 12, 2012
**(or Date of Last Amended Judgment)**

Bret O. Whipple, CJA
Defendant's Attorney

**REASON FOR AMENDMENT:**

( ) Correction of Sentence on Remand
    (18:3742(f)(1) & (2))
( ) Reduction of Sentence of Changed Circumstances
    Fed.R.Crim.P. 35(b))
( ) Correction of Sentence by Sentencing Court
    (Fed.R.Crim.P. 35(a))
(X) Correction of Sentence for Clerical Mistake
    (Fed.R.Crim.P. 36)

( ) Modification of Supervision Conditions (18 U.S.C. § 3563(c)
    OR 3583(e)).
( ) Modification of Imposed Term of Imprisonment for Extraordinary
    and Compelling Reasons (18 U.S.C. § 3582(c)(1))
( ) Modification of Imposed Term of Imprisonment for
    Retroactive to the Sentencing Guidelines 18 U.S.C. § 3582(c)(2))
( ) Direct Motion to District Court Pursuant to ( ) 28 U.S.C. § 2255,
    ( ) 18 U.S.C. § 3559(c)(7)
( ) Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

(X) pled guilty to count(s) 1 of and the forfeiture allegation in the indictment filed 9/15/10.
( ) pled nolo contendere to count(s)_____ which was accepted by the court.
( ) was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 641 | Theft of Government Funds | 9/15/10 | 1 |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

( ) The defendant has been found not guilty on count(s)
( ) Count(s) _____ is/are dismissed on the motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material changes in economic circumstances.



    ✓ FILED     ___ RECEIVED
    ___ ENTERED     ___ SERVED ON
    COUNSEL/PARTIES OF RECORD

    FEB 2 1 2012

    CLERK US DISTRICT COURT
    DISTRICT OF NEVADA
    BY: _____ DEPUTY

January 12, 2012
Date of Imposition of Judgment

Signature of Judge

LARRY R. HICKS
U.S. DISTRICT JUDGE
Name and Title of Judge

2/21/12
Date

AO 245C   (Rev. 9/11) Amended Judgment in a Criminal Case
      Sheet 2 - Imprisonment

DEFENDANT:        NELSON VAZQUEZ                                Judgment - Page __2__
CASE NUMBER:      .2:10-CR-462-LRH-PAL  .

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of : **TWENTY FOUR (24) MONTHS**

(X)      The court makes the following recommendations to the Bureau of Prisons:

**A BOP DESIGNATION THAT CAN ADDRESS THE DEFENDANT'S SPECIAL AND SPECIFIC MEDICAL NEEDS.**

( )      The defendant is remanded to the custody of the United States Marshal.

( )      The defendant shall surrender to the United States Marshal for this district:
        ( )     at _____ a.m./p.m. on _____
        ( )     as notified by the United States Marshal.

(X)      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        (X)    before 12 p.m. on **3/12/12**
        ( )     as notified by the United States Marshal.
        ( )     as notified by the Probation of Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY:        _____
            United States Marshal Deputy

AO 245C (Rev. 9/11) Amended Judgment in a Criminal Case
    Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | NELSON VAZQUEZ | Judgment - Page 3 |
| CASE NUMBER: | 2:10-CR-462-LRH-PAL | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

(X)    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

(X)    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

(X)    The defendant shall cooperate in the collection of DNA as directed by the probation office. (Check, if applicable.)

( )    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation office. (Check, if applicable.)

( )    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation office;

2)    the defendant shall report to the probation office and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation office and follow the instructions of the probation office;

4)    the defendant shall support his or her dependants and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation unless excused by the probation office for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation office at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation office;

10)    the defendant shall permit a probation office to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation office;

11)    the defendant shall notify the probation office within seventy-two hours of being arrested or questioned by a law enforcement office;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation office, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation office to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 9/11) Amended Judgment in a Criminal Case
    Sheet 3C - Supervised Release

| | |
|---|---|
| DEFENDANT: NELSON VAZQUEZ | Judgment - Page __4__ |
| CASE NUMBER: 2:10-CR-462-LRH-PAL | |

## SPECIAL CONDITIONS OF SUPERVISION

1.    Possession of Weapon - The defendant shall not possess, have under his/her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2.    Warrantless Search - The defendant shall submit to the search of his/her person, and any property, residence, or automobile under his/her control by the probation office, or any other authorized person under the immediate and personal supervision of the probation office without a search warrant to ensure compliance with all conditions of release.

3.    Mental Health Treatment - The defendant shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and outpatient counseling as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants while participating in mental health treatment. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office, based upon his/her ability to pay.

4.    Debt Obligation - The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts, without the approval of the probation office.

5.    Access to Financial Information - The defendant shall provide the probation office access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which the defendant has a control or interest.

6.    Report to Probation Office After Release from Custody - The defendant shall report in person to the probation office in the District to which the defendant is released within 72 hours of release from custody.

AO 245C   (Rev. 9/11) Amended Judgment in a Criminal Case
Sheet 5- Criminal Monetary Penalties

| | | |
|---|---|---|
| DEFENDANT: | NELSON VAZQUEZ | Judgment - Page __5__ |
| CASE NUMBER: | 2:10-CR-462-LRH-PAL | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00 | $WAIVED | $525,326.50 |
| | Due and payable immediately. | | |

( )    On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

( )    The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

( )    The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| *SOCIAL SECURITY ADMINISTRATION<br>ATTN: COURT REFUNDS<br>P.O. BOX 2861<br>PHILADELPHIA, PA 19122 | | $525,326.50 | |
| TOTALS           : | $_____ | $525,326.50_____ | |

Restitution amount ordered pursuant to plea agreement: $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

(X) The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    (X) the interest requirement is waived for the:  ( ) fine  (X) restitution.
        the interest requirement for the:  ( ) fine  ( ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245C  (Rev 9/11) Amended Judgment in a Criminal Case
      Sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT:    NELSON VAZQUEZ | Judgment - Page __6__ |
| CASE NUMBER:    2:10-CR-462-LRH-PAL | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    (X)    Lump sum payment of $ __100.00__ due immediately, balance due
           ( )    not later than _____; or
           ( )    in accordance with ( ) C, ( ) D, or ( ) E below; or

B    ( )    Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) E below; or

C    ( )    Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____
           _____ over a period of _____ (e.g. months or years), to _____ (e.g., 30 or 60 days)
           after the date of this judgment; or

D    ( )    Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____
           _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term
           is supervision; or

E          Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release
          from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at
          that time; or

F    (X)    Special instructions regarding the payment of criminal monetary penalties:
           **Restitution shall be paid in the amount of FIVE HUNDRED TWENTY FIVE THOUSAND THREE HUNDRED TWENTY SIX DOLLARS AND FIFTY CENTS ($525,326.50). Restitution shall be paid during the term of supervised release at the rate of no less than TEN PERCENT (10%) of gross income, subject to an adjustment by the court based upon ability to pay.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

( )    Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

( )    The defendant shall pay the cost of prosecution.

( )    The defendant shall pay the following court cost(s):

( )    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.